UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X       **Case No.**
DALIA PARVIN, ARIN HASSAN SUHA,
ARZUMAN ARA BEGUM, SHAKILA
RUNA, and PARVEEN AKTHER,

                Plaintiffs,


     -against-                        **COMPLAINT**
                                         **Jury Demand**
1320 HUTCHINSON DONUTS LLC, 1325
HUTCHINSON DONUTS LLC, and
SURESH GORESH,

                Defendants.
-----------------------------------------------------X

         Plaintiffs Dalia Parvin, Arin Hassan Suha, Arzuman Ara Begum, Shakila Runa, and Parveen Akther ("Plaintiffs"), by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants 1320 Hutchinson Donuts LLC, 1325 Hutchinson Donuts LLC, ("Corporate Defendants") and Suresh Goresh ("Defendant Goresh" or "Individual Defendant") (collectively "Defendants"), the following:

## NATURE OF THE ACTION

1.      This action is brought to challenge Defendants' practice of national origin discrimination, discrimination on the basis of religion, sexual harassment, and retaliation against Plaintiffs, in violation of 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL" or "State Law"), and the New York City Human Rights Law ("NYCHRL" or "City Law").

2.      Defendants knowingly violated Plaintiffs' rights under federal, State and City laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiffs would be economically injured.

3.      Damages and other legal relief are sought pursuant to Section 1981, the

NYSHRL, and the NYCHRL.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

5.      Supplemental jurisdiction over Plaintiff's State and City Law claims is conferred by 28 U.S.C. § 1367(a).  Plaintiffs were employed by Defendants in the City of New York.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) in that Corporate Defendants maintain offices and conduct business in this district. Plaintiffs were employed by Defendants in this district.

7.      Pursuant to §8-502 (c) of the City Law, Plaintiffs served a copy of this Complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

## PARTIES

### *Plaintiffs*

8.      At all relevant times, Plaintiffs were residents of New York State who worked in the City of New York.

9.      Plaintiffs were at all times "persons" within the meaning of State and City Law, protected from discrimination on the basis of disability, race, sex, and national origin.

10.     Plaintiff Parvin is an individual who was perceived to have a disability under City Law.

### *Defendants*

11.     At all relevant times, Defendants were Plaintiffs' employers.

12.     Corporate Defendants operate two Dunkin' Donuts franchises in and around Bronx, NY.

3

13.     1320 Hutchinson Donuts LLC operates a place of business at 1320 Hutchinson River Parkway North, Bronx, NY, 10461.

14.     1325 Hutchinson Donuts LLC operates a place of business at 1325 Hutchinson River Parkway South, Bronx, NY, 10461.

15.     Defendant Goresh was employed as a district manager and supervisor by both Corporate Defendants and worked at both locations.

16.     At all relevant times, Defendants have continuously been doing business in the State and City of New York and have continuously employed more than four (4) people, and accordingly are "employers" within the definition of State and City Law.

## FACTUAL ALLEGATIONS
### *Background regarding Plaintiffs' Employment*

17.     Plaintiff Parvin was employed at 1325 Hutchinson River Parkway between March 2019 and August 11, 2020. During the same time, Plaintiff Parvin also worked at a separate Dunkin Donuts location under different ownership.

18.     Plaintiff Akther was employed at 1320 Hutchinson River Parkway between June 2020 and August 2020.

19.     Plaintiff Runa was employed at 1320 Hutchinson River Parkway between 2017 and late August 2020.

20.     Plaintiff Begum was employed at 1320 Hutchinson River Parkway between 2017 and August 5, 2020.

21.     Plaintiff Suha was employed at 1320 Hutchinson River Parkway between June 12, 2020 and August 5, 2020.

22.     At all times during their employment, all Plaintiffs carried out their job duties with diligence and care, consistently meeting or exceeding Defendants' legitimate performance expectations.

4

*Harassment and discrimination against Plaintiffs.*

23.     Corporate Defendants briefly closed their stores in early 2020 due to the onset of the COVID-19 pandemic.

24.     When Corporate Defendants reopened in May 2020 and Plaintiffs returned to work, Plaintiffs' former supervisor had been replaced by Defendant Suresh Goresh.

25.     All Plaintiffs received regular discriminatory and harassing behavior from Defendant Goresh on the basis of ethnicity, nationality, religion, and sex.

26.     Throughout Plaintiffs' employment with Corporate Defendants, Defendant Goresh made frequent comments to Plaintiffs disparaging them based on their national origin and religion, including comments such as: "Bengali girls have to do what we say," "Muslims and Bengalis, you'll do anything for money," and "Bengali girls are disgusting."

27.     On multiple occasions, despite Plaintiffs working in high heat, Defendant Goresh turned off the store's fan, telling Plaintiffs that "it is hot in Bangladesh, you should be used to the heat."

28.     Plaintiffs are Muslim and regularly wear hijabs.

29.     Defendant Goresh told Plaintiffs that they were not allowed to wear hijabs.

30.     In July 2020, Defendant Goresh asked Plaintiff Akther to come into a back room with him. When she followed him, he asked her to take down her face mask, then proceeded to kiss her on the cheek, touch her hips, and pull her towards him. Defendant Goresh told her: "You're a good worker, I'll promote you if you do what I say. You'll have a better wage. Just do what I say."

31.     Defendant Goresh told Plaintiff Akther that if she told anyone what happened, he would "make sure you are never employed by any Dunkin again."

32.     Plaintiff Akther resisted, crying and protesting: "I'm Muslim, I'm married, I have

3 children." Defendant Goresh responded, "So what? You don't look married. I want to kiss your lips;" then aggressively grabbed her by the waist, stating "Don't worry, I've been with other Muslim women."

33.     A few days after this incident, Defendant Goresh asked Plaintiff Akther to tell her husband she was scheduled to work so they could spend the day together.

34.     10-14 days afterwards, Plaintiff Akther confided in Plaintiff Begum about the harassment she experienced from Defendant Goresh. Plaintiff Begum shared that she was also experiencing similar harassment from Defendant Goresh.

35.     Starting in mid-July 2020, Plaintiff Begum noticed that Defendant Goresh was staring at her chest and brushing up against her from behind.

36.     Plaintiff Begum complained to two managers, Manna and Payal, about Defendant Goresh's behavior, but neither manager took any action to address the issue.

37.     After Plaintiff Akther's repeated rejections of Defendant Goresh's harassment, he started to retaliate against her by scheduling her for only two days per week instead of her usual three days.

38.     Defendant Goresh also scheduled Plaintiff Akther for shifts with too few workers, resulting in her being overworked.

39.     Defendant Goresh also scheduled Plaintiff Akther to work alone in the drive-through, a task normally covered by at least 3 workers.

40.     Around this time, Defendant Goresh began to say that Plaintiff Akther was too old to work for Defendants and that they needed to hire younger employees.

41.     Plaintiff Akther complained to another manager about the changes made to her shifts and schedule, but the other manager only directed her to speak to Defendant Goresh, who was in charge of scheduling.

42.     Plaintiff Akther's last day was August 30, 2020, after which she was removed from the schedule without notice.

43.     Plaintiff Suha also experienced frequent sexual harassment from Defendant Goresh.

44.     Defendant Goresh frequently commented on Plaintiff Suha's clothing, stared at her body, and held her hand. He often touched her buttocks, and when she protested, he would say, "don't you like it?"

45.     On July 17 or 18, Defendant Goresh pulled Plaintiff Suha into a very personal conversation in the restroom area, hugging her, touching her breast, and attempting to kiss her. Plaintiff Suha fled the store, and only returned to work when Defendant Goresh apologized.

46.     On Plaintiff Suha's last day at work, August 2, Defendant Goresh told her that he had "all the power," threatened to ruin her career, told her that there was still time for her to respond to his "offer," and stated that "all the Bangladeshi girls go to the owner's bed for money."

47.     Plaintiff Suha called the store owners to report Defendant Goresh's behavior, but they refused to help her and even fined her.

48.     Plaintiff Runa was also sexually harassed by Defendant Goresh.

49.     On one occasion, Defendant Goresh pulled Plaintiff Runa into a back room, offering her more hours if she "pleased him." Plaintiff Runa did not respond.

50.     Shortly after this incident, Plaintiff Runa's hours were cut.

51.     Despite paid sick leave being available to Plaintiffs, Defendant Goresh refused to allow Plaintiffs to use paid sick time, stating: "you do not have such a system in Bangladesh. Why do you want it here?"

52.     Defendant Goresh often denied Plaintiffs access to a bathroom while they were

working.

53.     On August 5th, 2020, the air conditioning at 1320 Hutchinson River Parkway was not working. Plaintiffs Begum and Runa were present that day, and they and their co-workers informed the shift leader, Saiful, that it was too hot in the store for them to continue working. Saiful called Payal and Defendant Goresh to inform them of Plaintiffs' complaints. When Payal and Defendant Goresh arrived at the store, they aggressively told the workers on shift that they were being kicked out, that the store was closing early, and that the workers should leave. However, after the workers left, Plaintiffs witnessed the evening shift workers come in for their shift early, and the managers reopened the store for the evening. After this incident, Plaintiffs Begum and Suha were removed from the scheduling system and were de facto terminated from their positions.

54.     After the August 5th incident, Plaintiffs made attempts to contact the owner of 1320 Hutchinson Donuts LLC to discuss their employment, but received no answer.

### *Harassment, discrimination, and retaliatory termination of Plaintiff Parvin.*

55.     In June 2020, Defendant Goresh told Plaintiff Parvin that he would offer her five days and over 50 hours of work per week if she quit working at the Dunkin Donuts under separate ownership. In return he alluded to providing her "advantages," winking at her. Plaintiff Parvin rejected his offer. Defendant Goresh winked at her again, telling her that she would get "whatever she wanted" if she accepted. After she refused again, Defendant Goresh became angry and threatened to terminate her.

56.     In late July and early August 2020, Plaintiff Parvin began to experience severe arm pain and swelling.

57.     Plaintiff Parvin asked a supervisor, Payal, for leave to address her arm pain. Payal denied this request, claiming that at least a week of notice was required for any leave.

58.     On August 12th, Plaintiff Parvin's arm pain was so severe that she was forced to call in sick to work.

59.     Payal terminated Plaintiff Parvin immediately when Plaintiff Parvin called out sick.

60.     Plaintiff Parvin required doctors' appointments and physical therapy to address her arm pain.

## FIRST CAUSE OF A CTION

### National Origin Discrimination under Section 1981
### against Defendants

61.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

62.     By the acts and practices described above, Defendants discriminated against Plaintiffs based on national origin, in violation of Section 1981(c).

63.     Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens…" 42 U.S.C. § 1981(a).

64.     Section 1981(c) and the Fourteenth Amendment to the U.S. Constitution protect "all persons" against "nongovernmental discrimination."

65.     Defendants knew that their actions constituted discrimination and willfully disregarded Plaintiffs' statutorily protected rights.

66.     Plaintiffs are now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

## SECOND CAUSE OF ACTION

### Retaliation Under Section 1981 against Defendants

67.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth

9

herein.

68.      By the acts and practices described above, Defendants retaliated against Plaintiffs because they opposed complaints of discrimination, in violation of Section 1981.

69.      Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiffs' statutorily protected rights.

70.      Plaintiffs have suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## THIRD CAUSE OF ACTION
*For Discrimination in the Terms and Conditions of Employment on the Basis of Ethnicity and National Origin in Violation of NYSHRL on Behalf of All Plaintiffs*

71.      Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

72.      Based upon the facts alleged above, Defendants subjected Plaintiffs to discrimination on the basis of their ethnicity and national origin.

73.      As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to their reputations.

74.      As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have suffered and continue to suffer substantial losses in past and future earnings and other fringe benefits.

## FOURTH CAUSE OF ACTION
*For Discrimination in the Terms and Conditions of Employment on the Basis of Ethnicity and National Origin in Violation of City Law on Behalf of All Plaintiffs*

10

75.    Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

76.    Based upon the facts alleged above, Defendants subjected Plaintiffs to discrimination on the basis of their ethnicity and national origin.

77.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to their reputations.

78.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have suffered and continue to suffer substantial losses in past and future earnings and other fringe benefits.

**FIFTH CAUSE OF ACTION**
***For Discrimination in the Terms and Conditions of Employment on the Basis of Religion in Violation of NYSHRL on Behalf of All Plaintiffs***

79.    Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

80.    Based upon the facts alleged above, Defendants subjected Plaintiffs to discrimination on the basis of their religion.

81.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to their reputations.

82.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have suffered and continue to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION

***For Discrimination in the Terms and Conditions of Employment on the Basis of Religion in Violation of NYCHRL on Behalf of All Plaintiffs***

83.     Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

84.     Based upon the facts alleged above, Defendants subjected Plaintiffs to discrimination on the basis of their religion.

85.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to their reputations.

86.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have suffered and continue to suffer substantial losses in past and future earnings and other fringe benefits.

## SEVENTH CAUSE OF ACTION
***For Retaliation in the Terms and Conditions of Employment in violation of NYSHRL on Behalf of All Plaintiffs***

87.     Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

88.     Based upon the facts alleged above, Defendants subjected Plaintiffs to retaliation in the terms and conditions of their employment by assigning them to understaffed shifts, reducing their hours, and paying them a lower wage after they complained of unfair treatment and sexual harassment.

89.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment,

embarrassment, humiliation and harm to their reputations.

90.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have suffered and continue to suffer substantial losses in past and future earnings and other fringe benefits.

**EIGHTH CAUSE OF ACTION**
*For Retaliation in the Terms and Conditions of Employment*
*in violation of City Law*
*on Behalf of All Plaintiffs*

91.     Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

92.     Based upon the facts alleged above, Defendants subjected Plaintiffs to retaliation in the terms and conditions of their employment by assigning them to understaffed shifts, reducing their hours, and paying them a lower wage after they complained of unfair treatment and sexual harassment.

93.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to their reputations.

94.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have suffered and continue to suffer substantial losses in past and future earnings and other fringe benefits.

**NINTH CAUSE OF ACTION**
*Retaliatory Termination*
*in violation of NYSHRL*
*on Behalf of All Plaintiffs Except Plaintiff Parvin*

95.     Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

13

96.     Based upon the facts alleged above, with the exception of Plaintiff Parvin, who was unlawfully terminated due to her disability, Defendants terminated Plaintiffs in retaliation for their complaints about unfair and discriminatory treatment.

97.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to their reputations.

98.     As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have suffered and continue to suffer substantial losses in past and future earnings and other fringe benefits.

### TENTH CAUSE OF ACTION
*For Retaliatory Termination*
*in violation of City Law*
*on Behalf of All Plaintiffs Except Plaintiff Parvin*

99.     Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

100.    Based upon the facts alleged above, with the exception of Plaintiff Parvin, who was unlawfully terminated due to her disability, Defendants terminated Plaintiffs in retaliation for their complaints about unfair and discriminatory treatment.

101.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to their reputations.

102.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiffs have suffered and continue to suffer substantial losses in past and future earnings and other fringe benefits.

## ELEVENTH CAUSE OF ACTION
### *Discriminatory Termination of Employment Based on Perceived Disability in Violation of NYSHRL on Behalf of Plaintiff Parvin*

103.    Plaintiff Parvin repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants believed Plaintiff Parvin had a disability.

105.    Defendants willfully violated State law when they terminated Plaintiff Parvin's employment because of her perceived disability.

106.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff Parvin has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

107.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff Parvin has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## TWELFTH CAUSE OF ACTION
### *Discriminatory Termination of Employment Based on Perceived Disability in Violation of City Law on Behalf of Plaintiff Parvin*

108.    Plaintiff Parvin repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants believed Plaintiff Parvin had a disability.

110.    Defendants willfully violated City Law when they terminated Plaintiff Parvin's employment because of her perceived disability.

111.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff Parvin has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of

enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

112.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff Parvin has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment:

i.   back pay, prejudgment interest, front pay and damages for all employment benefits Plaintiffs would have received but for the unlawful acts and practices of Defendants;

ii.  compensatory damages;

iii. punitive damages;

iv.  reasonable attorneys' fees and costs incurred in this action;  and

v.   any other relief that the Court deems just and  proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury.

Dated: December 19, 2022

Respectfully submitted,

**FISHER TAUBENFELD LLP**

By: _____
     Liane Fisher, Esq. (LF5708)
     *Attorneys for Plaintiff*
     225 Broadway, Suite 1700
     New York, New York 10007

16

Phone: (212) 571-0700
Fax: (212) 505-2001

17